GEORGE C. SUMMERFIELD
K&L GATES LLP
70 W. Madison Street, Suite 3300
Chicago, IL 60602
Tel: 312-372-1121
george.summerfield@klgates.com

*Attorneys for Petitioner*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## (SAN JOSE DIVISION)

| | |
|---|---|
| IN RE: MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA AD TESTIFICANDUM | Misc. No.5:23-mc-80018 |
| LYNK LABS, INC., | **MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AD TESTIFICANDUM** |
|    Petitioner. | |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION TO COMPEL ……………………………………..ii

TABLE OF AUTHORITIES……………………………………………………………....iii

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………..1

I.      INTRODUCTION ................................................................................................. 1

II.     DISCUSSION ....................................................................................................... 1

        A.      Lynk's Motion is Properly Filed in This District.................................... 1

        B.      Factual Background................................................................................. 2

        C.      SS's Failure to Produce a Witness Is Improper...................................... 3

III.    CONCLUSION ..................................................................................................... 4

## NOTICE OF MOTION AND MOTION TO COMPEL

PLEASE TAKE NOTICE that, on a date and time to be set by the Court, Petitioner, Lynk Labs, Inc. ("Lynk") will move the United States District Court for the Northern District of California (San Jose Division) for: (1) an order compelling the deposition of Samsung Semiconductor, Inc. ("SSI"), pursuant to Rule 45 of the Federal Rules of Civil Procedure and Civil L.R. 37-1; (2) for an order directing SSI to pay Lynk's reasonable expenses and attorneys' fees in bringing this motion; and (3) for any other and further relief as the Court deems just and proper. Counsel for both Lynk and SSI have met and conferred telephonically and in writing, and have been unable to resolve this issue.

In support of this motion, Lynk will rely on the accompanying Memorandum of Points and Authorities, additional supporting documents which are attached as exhibits, any oral argument that may be heard, and such other and further matters as the Court may properly consider.

Dated: January 18, 2023

Respectfully submitted,

By:*/s/ George Summerfield*
George Summerfield

## CERTIFICATION OF CONFERENCE

Pursuant to Civil L.R. 37-1, the undersigned hereby certifies that counsel for both Lynk Labs, Inc. and Samsung Semiconductor, Inc. have met and conferred telephonically and in writing for the purpose of attempting to resolve the disputed issues, and have been unsuccessful in resolving the disputed issues giving rise to this motion.

*/s/ George Summerfield*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cenage Learning, Inc. v. Davis Textbooks*,
No. 15-cv-2401 TLN AC, 2016 WL 8730880 (E.D. Cal. Sept. 16, 2016) ............................ 4

*Gorrel v. Sneath*,
292 F.R.D. 629 (E.D. Cal. 2013) ........................................................................ 4

*Handloser v. HCL America, Inc.,*
No. 19-cv-1242-LHK (VKD), 2020 WL 4700989 (N.D. Cal. Aug. 13, 2020) ..................... 3

*HI. Q, Inc.*, v. *ZeetoGroup, LLC*,
No. 22-cv-1440-LL-MDD, 2022 WL 17345784 (S.D. Cal., Nov. 29, 2022) ..................... 1, 4

*Lallemand v. County of Los Angeles*,
No. 17-cv-0781, 2018 WL 6136814 (C.D. Cal. Jan. 12, 2018) ................................ 4

*Samsung, et al. v. Lynk Labs, Inc.*,
N.D. Ill., Case No. 1:21-cv-02665 ................................................................ *passim*

*Uniloc USA, Inc. v. Apple, Inc.*,
No. 19-cv-01692-EJD (VKD), 2020 WL 6262349 (N.D. Cal. Oct. 23, 2020) ..................... 1

**Other Authorities**

Fed. R. Civ. P. 26 ...................................................................................... 3, 4

Fed. R. Civ. P. 34 ...................................................................................... 4

Fed. R. Civ. P. 45 ...................................................................................... *passim*

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    In a matter styled *Samsung Electronics Co., Ltd., et al. v. Lynk Labs, Inc.*, No. 1:21-cv-

4    02665 (N.D. Ill.), defendant, Lynk Labs, Inc. ("Lynk") served a subpoena *ad testificandum* on third

5    party Samsung Semiconductor, Inc. ("SSI") on October 3, 2022 – more than three months ago.

6    While SSI served objections to the subpoena, it never moved to quash the subpoena.  Nor has it

7    produced a witness responsive to the subpoena, despite numerous requests by Lynk for it to do so.

8    This is improper under Fed. R. Civ. P. 45, and Lynk is entitled to an order compelling SSI to

9    produce a responsive witness.

10    **II.    DISCUSSION**

11    **A.    Lynk's Motion is Properly Filed in This District**

12    As a preliminary matter, Lynk's Motion to Compel is properly filed in the Northern District

13    of California because Palo Alto is the place where compliance is required on the face of the

14    subpoena, and the place where compliance with the subpoena will actually occur. *See* Fed. R. Civ.

15    P. 45(c); *Uniloc USA, Inc. v. Apple, Inc.*, No. 19-cv-01692-EJD (VKD), 2020 WL 6262349, *2

16    (N.D. Cal. Oct. 23, 2020) (concluding under Rule 45(d) nonparty motion to compel depositions

17    were properly filed in district where compliance was required on face of subpoena); *see also HI.*

18    *Q, Inc.*, v. *ZeetoGroup, LLC*, No. 22-cv-1440-LL-MDD, 2022 WL 17345784, at *10 (S.D. Cal.,

19    Nov. 29, 2022) (finding motion to compel nonparty for deposition properly filed where compliance

20    with subpoena will actually occur).

21    The subpoena provides that the location of the deposition is at K&L Gates LLP's office

22    located at 620 Hanson Way, Palo Alto, CA 94304.  *See Samsung Electronics Co., Ltd., et al. v.*

23    *Lynk Labs, Inc.*, No. 1:21-cv-02665, Notice of Subpoena (N.D. Ill. Oct. 2, 2022) [Ex. A]. K&L

24    Gates' Palo Alto office is approximately 14 miles from SSI's principal place of business located at

25    3655 N. First Street San Jose, California, 95134.  As result, the location of the deposition is in

26    compliance with Fed. R. Civ. P. 45(c)(1)'s 100 mile distance from where SSI regularly transacts

27    business.

28

**B.    Factual Background**

On October 3, 2022, Lynk served a subpoena on third-party SSI seeking both the production of documents and deposition testimony.  [Ex. A].  The subpoena called for the deposition testimony to take place on October 24, 2022. *See id.* at 1-2. Lynk's subpoena sought deposition testimony on the following four topics:

A March 1, 2017 meeting with Lynk CEO Mike Miskin and SSI;

The subject matter of all requests for the production of documents sought in the subpoena;

The authenticity of documents produced in response to the subpoena; and

What SSI did to prepare documents in response to the subpoena.

Ex. A at 18.

SSI did not move to quash Lynk's subpoena.  SSI did serve objections to the subpoena on November 11, 2022.  *Samsung Electronics Co., Ltd., et al. v. Lynk Labs, Inc.*, No. 1:21-cv-02665, Samsung Semiconductor, Inc.'s Objections and Responses to Defendant's Notice of Subpoena (N.D. Ill. Nov. 11, 2022) ("SSI Subpoena Response") [Ex. B].  Therein, SSI lodged 24 general objections to both the document requests and the deposition topics in Lynk's subpoena.  *Id.* at 2-7.  Those objections included: (1) unduly burdensome,[1] oppressive, overly broad, ambiguous, confusing, or vague (General Objection No. 2); (2) not relevant to the issues of this litigation (General Objection No. 1); (3) already within the possession, custody, or control of Lynk (General Objection No. 1); (4) unreasonably cumulative of other discovery (General Objection No. 2); and (5) attorney-client privilege, the work product doctrine, or any other applicable protection, privilege, or immunity recognized by law (General Objection No. 8).  *See id.*

SSI also specifically objected to each of the four deposition topics in the Lynk Subpoena. *Id.* at 25-30.  For each of the four categories, Lynk incorporated by reference all of its general objections.  *See id.*  And, beginning with the second deposition category, Lynk incorporated "each of its specific objections and responses provided in response to each request for production."  *Id.* at 26-30.

---

[1] SSI also objects on undue burden grounds in General Objection Nos. 1, 6, 9 and 14-24.  *See* Ex. B at 2-7.

Additionally, in response to each category, Lynk specifically objected on the grounds of: (1) vague, ambiguous, overbroad, unduly burdensome, harassing, and incomprehensible; (2) not relevant to the claims or defenses of any party or proportional to the needs of the case; (3) cumulative and duplicative; (4) information protected from disclosure by third-party confidentiality obligation; and (5) attorney-client privilege, the work-product doctrine, the common-interest privilege, Fed. R. Civ. P. 26(b)(4)(A), or any other privilege or immunity. SSI lodged these objections despite each of these grounds already having been included in the general objections.

Otherwise, SSI objected to deposition categories 1-3 to the extent they seek information already in Lynk's possession custody and/or control — also a ground in SSI's general objection. SSI Subpoena Response at 25-29.  Finally, SSI presented objections that lack any specificity.  An example is SSI's objection to deposition Category 4, given the purported ambiguity of the terms highlighted in that category — What You did to prepare Documents in response to this Subpoena, including but not limited to the locations You searched, who performed the shearch, and when the search was performed.  *Id.* at 29.  In other words, SSI objected to a full third of the plain English words in this category as being purportedly "incomprehensible."

**C.      SSI's Failure to Produce a Witness is Improper**

Pursuant to Fed. R. Civ. P. 45(d)(3)(A), "[o]n **timely** motion, the court for the district where compliance is required must quash or modify a subpoena" under certain conditions (emphasis added).  To be timely, a motion to quash a deposition subpoena must be filed before the deposition date identified in the subpoena – in this case, October 24, 2022.  "Courts generally agree that a motion to quash under Rule 45 is timely if made before the date specified for compliance with the subpoena." *Handloser v. HCL America, Inc.,* 2020 WL 4700989, at *4 (N.D. Cal. Aug. 13, 2020). In this case, SSI filed no motion to quash.

Rule 45 does allow for written objections to a subpoena *duces tecum*.  Fed. R. Civ. P. 45(d)(2)(B).  However, there is no corresponding ability to serve written objections to a deposition subpoena.   "While a nonparty may challenge a subpoena *duces tecum* via written objection, a deposition subpoena may only be challenged by moving to quash or modify the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), or by moving for a protective order

1    pursuant to Rule 26(c)." *HI.Q., Inc.*, 2022 WL 17345784 at *5.  In point of fact, then, SSI's written

2    objections to Lynk's deposition subpoena have no force and effect.

3    　　　If SSI somehow gets past the other hurdles facing its objections, as discussed above, the

4    vast majority of SSI's objections are mere boilerplate.  Fed. R. Civ. P. 34 was amended in 2015 to

5    require that an objecting party "state with specificity the grounds for objecting to the

6    request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).  "[S]ome courts have held that

7    '[e]xclusive reliance on such boilerplate objections waives any legitimate objection that could have

8    been raised.'" *Lallemand v. County of Los Angeles*, No. 17-cv-0781, 2018 WL 6136814 at *2 (C.D.

9    Cal. Jan. 12, 2018), *quoting Cenage Learning, Inc. v. Davis Textbooks*, 2016 WL 8730880 at *2

10   (E.D. Cal. Sept. 16, 2016); *see also Gorrel v. Sneath*, 292 F.R.D. 629, 634–635 (E.D. Cal. 2013).

11   Thus, assuming one ignores the ability under the rules to object to a deposition subpoena *en lieu* of

12   filing a motion to quash, and the untimeliness of SSI's objections, then the boilerplate nature thereof

13   works to waive such objections.

14

15   **III.    CONCLUSION**

16   　　　For the foregoing reasons, the instant motion seeking to compel SSI to produce a witness

17   responsive to Lynk's subpoena should be granted.

18

19   Dated: January 18, 2023

20   　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

21   　　　　　　　　　　　　　　　　　　　　　　By: */s/ George C. Summerfield*
　　　　　　　　　　　　　　　　　　　　　　　　George C. Summerfield

22   　　　　　　　　　　　　　　　　　　　　　　george.summerfield@klgates.com
　　　　　　　　　　　　　　　　　　　　　　　　K&L GATES LLP

23   　　　　　　　　　　　　　　　　　　　　　　70 W. Madison Street, Suite 3300
　　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60602

24   　　　　　　　　　　　　　　　　　　　　　　Tel: +1 (312) 807-4376

25   　　　　　　　　　　　　　　　　　　　　　　***Attorneys for Petitioner Lynk Labs, Inc.***

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on January 18, 2023, via electronic mail to counsel of record for Plaintiffs at the following addresses:

D. Sean Trainor
**O'Melveny & Myers LLP**
1625 Eye Street NW
Washington, DC 20037
Email: dstrainor@omm.com

Darin W. Snyder
**O'Melveny & Myers LLP**
275 Battery Street, Suite 2600
San Francisco, CA 94111
Email: dsnyder@omm.com

Mark J. Pensabene
Laura Bayne Gore
**O'Melveny & Myers LLP**
Time Square Tower
7 Times Square
New York, NY 10036
Email: mpensabene@omm.com

Dennis Abdelnour
Ron N. Sklar
**Honigman LLP**
155 North Wacker Drive, Suite 3100
Chicago, IL 60606
Email: dabdelnour@honigman.com
Email: rsklar@honigman.com

Nicholas J. Whilt
Ryan Ken Yagura
Xin-Yi Zhou
**O'Melveny & Myers LLP**
400 S. Hope Street
Los Angeles, CA 90071
Email: nwhilt@omm.com
Email: ryagura@omm.com
Email: vzhou@omm.com

Hana Oh
**O'Melveny & Myers LLP**
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
Email: hoh@omm.com

*/s/ George Summerfield*
George Summerfield