United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE MOTION TO COMPEL COMPLIANCE WITH A SUBPOENA AD TESTIFICANDUM | Case No. 23-mc-80018-VKD |
| LYNK LABS, INC., | **ORDER GRANTING IN PART MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND DENYING MOTION TO QUASH** |
| Petitioner. | Re: Dkt. Nos. 1, 9 |

Lynk Labs, Inc. ("Lynk Labs") moves to compel non-party Samsung Semiconductor, Inc.'s ("SSI") compliance with a Rule 30(b)(6) subpoena for deposition testimony. Dkt. No. 1. SSI opposes the motion to compel and cross-moves to quash the subpoena. Dkt. No. 9. Lynk Labs and SSI each ask the Court to order the other to reimburse its attorneys' fees and costs incurred with respect to these motions. The Court held a hearing on this dispute on February 28, 2023. Dkt. No. 13.

## I.      BACKGROUND

Lynk Labs is a defendant and counterclaimant in a patent declaratory judgment action filed by plaintiffs and counter-defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") in the Northern District of Illinois, *Samsung Electronics Co., Ltd., et al. v. Lynk Labs, Inc.*, No. 1:21-cv-02665 (N.D. Ill.). Dkt. No. 1. Among the issues in dispute in that action are whether Samsung's alleged infringement of Lynk Labs's patents is willful and what damages, if any, Lynk Labs suffered as a result of sales of the accused products.

In October 2022, Lynk Labs served subpoenas for the production of documents and for

deposition testimony on non-party SSI.  Dkt. No. 1 at 1.  SSI is an affiliate of SEC and SEA.  *See* Dkt. No. 13.  Only the deposition subpoena is at issue for purposes of the pending motions.  That subpoena demands deposition testimony from SSI on the following topics:

1. The March 1, 2017 meeting with Mike Miskin.

2. The subject matter of all requests for production list above [i.e., in the document subpoena].

3. The authenticity of any Document or thing produced in response to the requests listed above [i.e., in the document subpoena].

4. What You did to prepare Documents in response to this Subpoena, including but not limited to the locations You searched, who performed the search, and when the search was performed.

Dkt. No. 1-1 at 9.

Although it served a number of written objections to the subpoena, SSI did not refuse to produce a witness for any topic, and instead offered to produce Vincent Feorenzo to testify as a corporate representative.  Dkt. No. 9 at 1, 2-3.  However, SSI conditioned this offer on Lynk Labs first completing its own document production regarding the March 1, 2017 meeting between Mr. Feorenzo and Lynk Labs's CEO Mike Miskin.  *Id.* at 3.  Lynk Labs rejected this condition and filed this motion to compel.  *Id.*

## II.    DISCUSSION

The parties disagree regarding whether SSI should have moved to quash the subpoena and may not now raise any objection to it.  Dkt. No. 1 at 3; Dkt. No. 9 at 3-4.  While Lynk Labs is correct that ordinarily a non-party must file a motion to quash or a motion for a protective order to avoid compliance with an otherwise valid subpoena, *see* Fed. R. Civ. P. 45(d)(3), 26(c), upon receiving SSI's written objections, Lynk Labs quite reasonably chose to engage SSI in discussions about compliance rather than proceeding with the deposition as noticed.  When those discussions proved unsuccessful, Lynk Labs moved to compel SSI's compliance.  That does not mean SSI may not now move to quash the subpoena or that its objections to it must be deemed waived.

SSI objects to the subpoena on two principal grounds.  First, it contends that Lynk Labs's

United States District Court
Northern District of California

United States District Court
Northern District of California

request for testimony concerning the March 1, 2017 meeting is not relevant to any claim or defense.  Dkt. No. 9 at 5.  Second, it argues that because Lynk Labs has not completed its production of documents concerning the March 1, 2017 meeting, SSI and its corporate representative face the prospect of having to provide testimony at a second deposition once that production is complete, which is an undue burden.  *Id.* at 3; Dkt. No. 12 at 2.  With respect to the first objection, while SSI may be correct that Lynk Labs will not be able to sustain its burden of proof with respect to willful infringement, Lynk Labs has articulated a reasonable basis for seeking discovery of the March 1, 2017 in connection with that claim.  With respect to the second objection, the Court agrees that SSI and its corporate designee Mr. Feorenzo should be required to testify on one occasion only and should not be subjected to multiple depositions.  However, at the hearing on this motion, Lynk Labs represented that it would not seek a further deposition of SSI or Mr. Feorenzo based on future production of documents if the deposition proceeds now.  Dkt. No. 13.  The Court will so order, so as to limit the burden on SSI and Mr. Feorenzo.

As to Topic 3, SSI offered to provide a declaration authenticating the documents within the scope of that topic in lieu of deposition testimony, and Lynk Labs agreed such a declaration would obviate any need for deposition testimony on that topic.  *See* Dkt. No. 11 at 6 n.2.  Finally, SSI indicated at the hearing that it does not object to Topic 4.  Dkt. No. 13.

Accordingly, the Court grants Lynk Labs's motion to compel insofar as it requires SSI to designate a witness to testify on its behalf regarding Topics 1, 2 and 4 in the deposition subpoena.  Lynk Labs may take only one deposition of SSI, and that deposition shall not exceed 7 hours.  If Mr. Feorenzo is SSI's designee and is also required to testify as an individual, Lynk Labs must take SSI's deposition and Mr. Feorenzo's individual deposition on the same day, and the total deposition time may not exceed 7 hours, unless Lynk Labs, SSI and Mr. Feorenzo agree otherwise.

SSI and Lynk Labs shall confer promptly to identify a mutually agreeable date for SSI's deposition, which shall not be unreasonably delayed.

The Court declines to issue any award of fees or costs, as such sanctions are not warranted

under the circumstances presented.

      **IT IS SO ORDERED.**

Dated: February 28, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge